## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TERRY FREEZE,

      Petitioner,

-vs-                                       Case No.  8:08-CV-2045-T-27TGW

SECRETARY, DEPARTMENT
OF CHILDREN AND FAMILIES,

      Respondent.

_____/

### ORDER

Petitioner, a detainee in the Florida Civil Commitment Center proceeding *pro se*, brings this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. 8). The Court has considered the amended petition, Respondent's response (Dkt. 18), and Petitioner's reply (Dkt. 24). Upon review, the Court determines that the amended petition must be denied because Petitioner's grounds do not provide a basis for federal habeas corpus relief.

### STANDARDS OF REVIEW

Pursuant to 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. §2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782,

792 (2001); *see also Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in

a state court unless the adjudication of the claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303,

1308 (11th Cir. 2003). A state court's factual finding is presumed to be correct, and a petitioner

must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies

available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d

732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity

to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan

v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th

Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim

in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*,

250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("[E]xhaustion of state

remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to

give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal

rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental

miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11ᵗʰ Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

## BACKGROUND

Petitioner, Terry Freeze (hereinafter referred to as "Petitioner"), pleaded guilty to three counts

of sexual battery and one count of attempted first degree murder (Dkt. 1A at Initial Brief p. 5).  He

was sentenced to twenty years incarceration (Id.).

On January 1, 1999, the Jimmy Ryce Involuntary Civil Commitment for Sexually

Violent Predators Treatment and Care Act (hereinafter "Ryce Act") went into effect, which

created a system for the involuntary evaluation and confinement of sexually violent offenders, and

for treatment of these individuals. Fla. Stat. Ch. 394.910 *et seq.*[1]  On January 26, 2001, prior to

Petitioner's April 7, 2001 anticipated release from prison, a multi-disciplinary team of mental health

professionals rendered a report pursuant to the Ryce Act in which it concluded that Petitioner was

a sexually violent predator within the meaning of Fla. Stat. §394.910, and met the criteria for

involuntary civil commitment (Respondent's Ex. 1E, Vol. I at pp. 20-63).  On March 15, 2001, the

Office of the State Attorney for the Thirteenth Judicial Circuit filed a petition for civil commitment

and requested a probable cause determination from the Pinellas County Circuit Court (Id. at pp. 18-

63). On March 16, 2001, the Circuit Court found probable cause that Petitioner was a sexually

violent predator and ordered Petitioner's appearance for further proceedings (Id. at pp. 64-65).

On April 7, 2001, Petitioner completed the incarceration term of his sentence.[2] On April 18,

2001, a jury trial commenced on the petition for civil commitment (Respondent's Ex. 1E, Vol. III

---

[1]The Ryce Act requires that, *inter alia*, prior to the anticipated release of a person who has been convicted of a sexually violent offense, a multi-disciplinary team of mental health professionals evaluate the person to determine if he or she meets the definition of a sexually violent predator under the Ryce Act, and if he or she suffers from a mental disorder that makes it likely the person will commit another sexually violent offense if not confined for long-term control, care and treatment. The team provides its assessment to the state attorney. The state attorney can then file a petition with the circuit court asserting the person is a sexually violent predator. If the circuit court finds probable cause that the person is a predator, the judge can commit the person to temporary civil confinement. The court then conducts a trial to determine if the person is a predator. If the court finds the person is a predator and is subject to civil commitment, the person can petition the court once a year to be released.

[2]The Court takes judicial notice of information contained on the Florida Department of Corrections Offender Information Network, July 11, 2011, stating that Petitioner was released from custody on April 7, 2001. See Fed. R. Evid. 201.

at pp. 89-202, Vol. IV at pp. 203-381).  On April 19, 2001, the jury unanimously found Petitioner a sexually violent predator (Respondent's Ex. 1E, Vol. II at p. 267).  The Circuit Court adjudged Petitioner a sexually violent predator, and committed him to the custody of the Department of Children and Family Services "for control, care and treatment until such time as the Respondent's mental abnormality or personality disorder has so changed that it is safe for the Respondent to be at large." (Id. at pp. 268-69).  On December 12, 2003, the appellate court affirmed the commitment order, but certified to the Florida Supreme Court as a question of great public importance whether a jury instruction was required that the State must prove that the individual has serious difficulty in controlling his or her dangerous behavior (Respondent's Ex. 1G); *Freeze v. State*, 861 So. 2d 1234 (Fla. 2d DCA 2003), *rev. denied*, 906 So. 2d 1058 (Fla.), *cert. denied*, 546 U.S. 1036 (2005).  The Florida Supreme Court declined to exercise jurisdiction on June 10, 2005 (Respondent's Ex. 1H); *Freeze v. State*, 906 So. 2d 1058 (Fla. 2005).  On November 28, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari (Respondent's Ex. 1I); *Freeze v. Florida*, 546 U.S. 1036 (2005).

On January 12, 2007, the state Circuit Court held a hearing to determine if probable cause existed to believe that Petitioner's condition had changed so that it would be safe to release Petitioner from civil commitment (Respondent's Ex. 2D, Vol. VII at pp. 382-97).  The state Circuit Court concluded that Petitioner had not met his burden to establish probable cause that he is no longer a danger to the community (Id. at p. 394; Vol. V at p. 828).  On June 4, 2008, the appellate court affirmed the circuit court's order (Respondent's Ex. 2E); *Freeze v. State*, 985 So. 2d 539 (Fla. 2d DCA 2008) [table].

On July 17, 2008, Petitioner filed a Petition or Writ of Habeas Corpus in the Florida Supreme

Court in which he requested immediate release from involuntary civil commitment (Respondent's Ex. 3A). On July 25, 2008, the Florida Supreme Court dismissed the Petition or Writ of Habeas Corpus for lack of jurisdiction (Respondent's Ex. 3B); *Freeze v. State*, 988 So. 2d 1093 (Fla. 2008) [table].

Petitioner commenced the instant federal habeas proceedings on August 29, 2008 (Dkt. 1). He filed an amended petition on November 26, 2008, which is the basis for this proceeding (Dkt. 8).

## DISCUSSION

**Ground I**

In support of his amended petition, Petitioner asserts:

The Petitioner is entitled to his freedom.

Petitioner asserts that the State has not proven "with legal certainty" that he suffers from a mental illness that would cause him to commit acts of sexual violence if he was released from civil commitment. In support of his assertion, he asserts that if he had such a mental illness, it would have required treatment during the twelve years Petitioner was incarcerated in the Florida Department of Corrections.

First, the claim is unexhausted because Petitioner did not present the claim to the state courts. A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. *See Castille v. Peoples*, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). It would be futile to dismiss this case to give Petitioner the opportunity to exhaust this claim because his claim would be untimely and procedurally barred under Florida law. *See Green v. Florida*, 975 So.2d 1090, 1105 (Fla. 2008) (holding that issues were procedurally barred because they should have been, but were not, raised on direct appeal); *Smith v. State*, 445 So.2d 323, 325

7

(Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."). Accordingly, Ground I has been procedurally defaulted.

Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. Further, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Second, the claim lacks merit. In *State v. White*, 891 So. 2d 502 (Fla. 2004), the Florida Supreme Court stated in pertinent part that:

> The Jimmy Ryce Act, sections 394.910-931, Florida Statutes (1999), provides for the involuntary civil commitment of persons found to be sexually violent predators. For someone to be civilly committed under the Ryce Act, a factfinder must determine by clear and convincing evidence that the respondent (1) has been convicted of an enumerated sexually violent offense; and (2) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment. See § 394.912(10), Fla. Stat. (1999).

*Id*. at 502-03.

The multi-disciplinary team of mental health professionals rendered a report in which it concluded that Petitioner was a sexually violent predator, and met the criteria for involuntary civil commitment (Respondent's Ex. 1E, Vol. I at pp. 20-63). During the civil commitment trial, Petitioner testified that he was in prison because he was convicted of sexual battery and attempted murder (Respondent's Ex. 1E, Vol. III at p. 106). Dr. Amiel, a psychiatrist, testified that Petitioner was convicted of an enumerated sexually violent offense (Id. at pp. 142-43). Dr. Amiel also testified that Petitioner suffered from a mental abnormality or personality disorder (pedophilia, anti-social personality disorder) that made him likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment (Id. at 143-54).

Petitioner essentially claims that there is insufficient evidence showing that he meets the statutory criteria for involuntary civil commitment under the Jimmy Ryce Act. The clearly established federal law which applies to a claim of insufficient evidence is *Jackson v. Virginia*, 443 U.S. 307 (1979). According to *Jackson*, in order to obtain habeas corpus relief, a petitioner must establish that upon the evidence adduced at trial, viewed in the light most favorable to the prosecution, no rational trier of fact could have found proof beyond a reasonable doubt. As noted *supra*, in the light most favorable to the State, there was sufficient evidence to support a finding that Petitioner met the criteria for involuntary civil commitment. Accordingly, Ground One does not warrant federal habeas relief.

**Ground II**

In support of his amended petition, Petitioner asserts:

The State of Florida did not have jurisdiction to seek civil commitment against the Petitioner.

Petitioner appears to assert that the state circuit court did not have jurisdiction to involuntarily commit him because the State failed to timely file its petition for civil commitment pursuant to Section 772.17, Florida Statutes. First, this Court agrees with Respondent that this claim is procedurally defaulted. Petitioner did not raise this claim in his Initial Brief on direct appeal following his civil commitment in 2001 (Respondent's Ex. 1A). He raised the claim for the first time in his Petition for Writ of Habeas Corpus to the Florida Supreme Court in 2008 (Respondent's Ex. 3A). The Florida Supreme Court dismissed the petition, finding it was without jurisdiction to consider it (Respondent's Ex. 3B).

In Florida, "[h]abeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been,

or were raised in post-conviction proceedings." *Zuluaga v. Fla. Dep't of Corr.* , 32 So. 3d 674, 676-677 (Fla. 1ˢᵗ DCA 2010) (citing *Breedlove v. Singletary*, 595 So. 2d 8, 10 (Fla. 1992); *Mills v. Dugger*, 574 So. 2d 63 (Fla. 1990); *Robbins v. State*, 564 So. 2d 256 (Fla. 1st DCA 1999)). Thus, this claim is procedurally defaulted because it was not raised in a procedurally correct manner in state court. *See Coleman v. Thompson*, 501 U.S. 722, 734-35 (1991) (court will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").

Further, in order to provide the state courts with the requisite full and fair opportunity to address his claims, "the petitioner [must] 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Exhaustion is not satisfied 'merely' if the petitioner presents the state court with 'all the facts necessary to support the claim' or even if a 'somewhat similar state-law claim was made.' *Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (citation omitted)." *Pearson v. Sec'y for Dept. of Corr.*, 273 Fed.Appx. 847, 849-850 (11th Cir. 2008). With regard to Petitioner's claim that the State failed to timely initiate civil commitment proceedings, Petitioner failed to fairly present a federal claim to the state courts (see Respondent's Ex. 3A). It would be futile to dismiss this case to give Petitioner the opportunity to exhaust the federal nature of this claim because his claim would be untimely and procedurally barred under Florida law. *See Green v. Florida*, 975 So.2d at 1105; *Smith v. State*, 445 So.2d at 325. Accordingly, Ground II has been procedurally defaulted.

10

Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. Further, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Finally, this Ground is a question of state law and not a matter for this Court to review. A state court's interpretation of state law does not provide a basis for federal habeas relief. *See, e.g., Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). A federal court cannot rule on violations of state law unless it raises federal constitutional problems, such as due process violations. *See, e.g., McCullough v. Singletary*, 967 F.2d 530 (11th Cir. 1992). Whether the State's petition for civil commitment was governed by, and untimely filed under, Sec. 772.17, Fla. Stat., is a matter for state courts to determine. Furthermore, Petitioner has not pointed to any federal law or constitutional right that has been violated.[3] For these reasons, Petitioner is not entitled to relief on Ground II.[4]

**Ground III**

In support of his amended petition, Petitioner asserts:

The Petitioner has been denied access to the Court.

Petitioner appears to assert that he was denied access to the courts when he filed a petition

---

[3]Although Petitioner has not raised this issue, this Court notes that the United States Supreme Court has held that involuntary civil commitment of sexual predators following completion of a criminal incarceration is constitutional and does not violate substantive due process rights, the prohibition against double jeopardy or ex-post facto laws. *Kansas v. Hendricks*, 521 U.S. 346, 361-71 (1997). The Florida Supreme Court has found that the Kansas statute at issue in *Hendricks* is similar to the Ryce Act. *Murray v. Regier*, 872 So. 2d 217 (Fla. 2002).

[4]To the extent Petitioner asserts, for the first time, in his reply that the State failed to follow its own procedures and prove proper service of process (Dkt. 24 at p. 5), as discussed *supra*, a state court's interpretation of state law does not provide a basis for federal habeas relief. *See, e.g., Carrizales, 699 F.2d at 1054-55.* A federal court cannot rule on alleged violations of state law unless it raises federal constitutional violations, such as violations of due process. *See, e.g., McCullough, 967 F.2d 530.* A violation of state rules of procedure is not itself a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 2000). On this ground, this Court again declines to rule on a question of state law.

11

for the writ of habeas corpus in the Florida Supreme Court, but he was never "brought before a court of law as required by the established procedures." (Dkt. 8 at p. 8).

The First Amendment safeguards the right "to petition the Government for a redress of grievances." U.S. Const. amend. I. To that end, the Supreme Court has held that prisoners must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). A prisoner asserting an access-to-courts claim "must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).

Petitioner has failed to show any actual prejudice. He does not allege or show that the State prevented him from filing any pleadings in the state courts. Instead, he merely complains that he was not "brought before a court of law as required by the established [state] procedures."[5] He does not allege or show any actual prejudice because he did not personally appear in the Florida Supreme Court before it dismissed his Petition for Writ of Habeas Corpus for want of jurisdiction. *Cf. Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) ("Poole has no absolute right to be present at the trial of his civil action."); *Hawkins v. Maynard*, 1996 U.S. App. LEXIS 14736, 3-4 (10th Cir.1996) (unpublished opinion) ("A prisoner does not have an absolute right to be present at his civil trial or pretrial proceedings.") (citing *Price v. Johnston*, 334 U.S. 266, 285-86 (1948)); *In re Wilkinson*, 137 F.3d 911, 914 (6th Cir.1998) (holding that prisoners who bring civil actions "have no right to be

---

[5]Again, a violation of state rules of procedure is not itself a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 2000).

present at any stage of the judicial proceedings"); *Kulas v. Flores*, 255 F.3d 780, 786 (9th Cir. 2001) ("In a civil suit, the parties do not have a constitutional right to be personally present during trial.").

Accordingly, Ground III does not merit federal habeas relief.

**Ground IV**

In support of his amended petition, Petitioner asserts:

The original civil commitment is superseded.

Petitioner appears to assert that after he filed his federal habeas petition in this Court, the State no longer has authority to continue to civilly detain him. In support of his assertion, he appears to argue that once he filed his federal habeas petition, he was "under the control and direction as well as the safekeeping of this Honorable [Federal District] Court, at least until the case is finally disposed of." (Dkt. 8 at p. 10).

The purpose of a federal habeas proceeding is to review the lawfulness of a prisoner's custody to determine whether the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254(a); *Coleman v. Thompson*, 501 U.S. at 730. Petitioner has not pointed to any federal law or constitutional right that has been violated.

To the extent Petitioner's claim may be construed as a request for release from involuntary civil commitment during the pendency of these federal habeas corpus proceedings, "it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (citations omitted). Nonetheless, "[b]ail should be granted to a...prisoner pending post-conviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary

13

or exceptional circumstances exist which make the grant of bail necessary to make the habeas

remedy effective." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974).

> Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that "presents not merely a clear case on the law, but a clear, and readily evident, case on the facts," *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972) (citation omitted), but also the existence of "some circumstance making [the request] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. at 5, 13 L. Ed. 2d 6.

*Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986).

Petitioner has failed to demonstrate that he is entitled to relief on any ground in his federal

habeas petition.  Accordingly, Ground IV does not warrant any relief.

ACCORDINGLY, it is **ORDERED**:

1. The Amended Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 8).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and

close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate

of appealability (COA).  Id.  "A [COA] may issue...only if the applicant has made a substantial

showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing,

Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on _____July 25th_____, 2011.


_____
JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
              Counsel of Record